ANSTEAD, Chief Judge,
specially concurring:
I concur in the majority’s affirmance of the trial court’s order refusing to dismiss charges alleging appellant’s illegal possession of two (2) loaded firearms in a pouch attached to the inside of the door of appellant’s motor vehicle. Appellant contends that his possession was lawful pursuant to the provisions of Section 790.25(5), Florida Statutes (1983), which exempt from prosecution the possession of any weapon that “is securely encased or is otherwise not readily accessible for immediate use.” The elasticized pouch involved herein is clearly more accessible than the zippered case involved in Alexander v. State, 450 So.2d 1212 (Fla. 4th DCA 1984), wherein this court also approved of a trial court’s denial of a motion to dismiss predicated upon the provisions of Section 790.25(5). From the record that has been lodged in this court there is evidence that the weapons were both concealed and that they were easily accessible by the appellant’s merely sticking his hand inside the pouch and gripping one of the weapons. Surely this would appear to be the kind of concealed possession of a firearm that the statutory scheme seeks to outlaw.